IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REBECCA J. LANNAN,

    Petitioner,

v.

SUSAN RUDOLPH, WARDEN OF FCI GREENVILLE,

    Respondent.

Case No. 3:23-cv-02093-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Rebecca J. Lannan filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the computation of the prison credit allocated towards her federal sentence. (Doc. 1). For the reasons set forth below, Lannan's petition is denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On June 27, 2019, Lannan was indicted in the Eastern District of Kentucky on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. *See United States v. Beeler, et al*, No. 6:19-00031-CHB-HAI-5 (E.D. Ky.) ("Criminal Case"). At the time of her federal indictment, Lannan was in custody in Bell County, Kentucky, on pending state controlled substance charges. (Doc. 26-1, p. 3). On December 18, 2019, Lannan was taken into the custody of the United States Marshals Service ("USMS") pursuant to a writ of habeas *ad prosequendum* in connection with her federal case. (*Id.*; Criminal Case, Doc. 33). Lannan ultimately pleaded guilty to the federal charge, and on February 25, 2021, she was sentenced by the Honorable Claria Horn Boom to 87 months

in prison, to be followed by three years of supervised release. (Criminal Case, Doc. 257). The sentencing court specified that Lannan's federal sentence would run concurrent to any sentence imposed on her state charge. (*Id.*).

On April 20, 2021, the state court sentenced Lannan to a 10-year term of imprisonment. (Doc. 26-1, p. 27). The USMS returned Lannan to the custody of state authorities on April 29, 2021. (Doc. 26-1, p. 18). On September 16, 2021, Lannan was paroled to federal custody. (*Id.* at pp. 18, 32).

On June 12, 2023, Lannan filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this district court, while she was incarcerated at the Federal Prison Camp in Greenville. (Doc. 1). She argues that the BOP unlawfully failed to credit her federal sentence for the time between December 18, 2019, and February 25, 2021, when she was in federal custody on the writ of habeas corpus *ad prosequendum*, as well as for the period between June 13, 2019, and December 18, 2019, when she was in custody on the related state charges. The Court directed the Respondent to answer the petition, and Respondent did so on November 27, 2023. (Doc. 26).

## DISCUSSION

Lannan was released from BOP Custody on April 29, 2025, while her petition was pending. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on March 3, 2026). Nevertheless, her release does not moot the petition. Lannan's federal sentence included a three-year term of supervised release. (Doc. 26-1). The Seventh Circuit has held that "[w]hen a former inmate still serving a term of supervised release challenges the length or computation of [her] sentence, [her] case is not moot so long as

[s]he could obtain 'any potential benefit' from a favorable decision." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001)); *see also Pettis v. United States*, 129 F.4th 1057, 1062 (7th Cir. 2025) ("Because supervised release carries collateral consequences, a favorable decision for Pettis could modify his sentence, providing him with a benefit and preventing his case from being moot."). Relevant here, in *Pope*, the Seventh Circuit explained that finding a petitioner had spent too long in prison could carry "great weight" in a motion under 18 U.S.C. § 3583(e) to reduce a term of supervised release. *Pope*, 889 F.3d at 414. Lannan could benefit similarly from a favorable decision, so her petition is not mooted by her release.

Turning to the merits, Lannan alleges that the BOP's calculation of her sentence does not properly account for two periods: the time she was in temporary federal custody on the writ of habeas corpus *ad prosequendum* (December 18, 2019, to February 25, 2021) and the time she was in state custody before then (June 13, 2019, to December 18, 2019), because the sentencing judge ordered the sentences to run concurrently. Respondent maintains that Lannan is not entitled to credit for either period because she received credit for those periods against her state sentence.

As an initial matter, Lannan properly brings this challenge under 28 U.S.C. § 2241. A petition under that section is the appropriate means to contest the BOP's calculation of the date on which a prisoner must be released. *Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021); 28 U.S.C. § 2241.

When imposing a sentence, a federal court may order it to run concurrent to a state sentence. *See* 18 U.S.C. § 3584(a). This authority extends to state sentences that are

anticipated but not yet imposed. *See Setser v. United States*, 566 U.S. 231, 236-37 (2012); U.S.S.G. § 5G1.3(c). But by statute, a federal sentence generally does not begin until "the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, the BOP has determined that "if the federal sentence is ordered to run *concurrently* with a state sentence," it will designate "the state facility as the place to serve the federal sentence as of the date the federal sentence was imposed." *Guzman v. Lillard*, No. 24-681, 2025 WL 1455363, at *6 (S.D. Ill. May 21, 2025) (citing U.S. Dep't of Justice, BOP Program Statement No. 5880.28). For Lannan, the upshot is that her federal sentence began to run on February 25, 2021, the date she was sentenced federally. (Doc. 26-1, p. 11 (disclosing a computation date of February 25, 2021)).

Section 3585(b) of Title 18 makes clear that an inmate is entitled to credit for time in custody "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Lannan seeks credit for the time she was in federal custody *before* her federal sentencing between December 18, 2019, to February 25, 2021. That argument lacks merit. Lannan was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. (Doc. 26-1, p. 3). The Seventh Circuit has explained that these writs permit the transfer of an inmate from one sovereign to another for the purpose of legal proceedings without altering the inmate's primary legal custodian. *See Pope v. Perdue*, 889 F.3d 410, 412-13 (7th Cir. 2018) ("Using this writ, a sovereign may take temporary custody of a prisoner in the custody of another sovereign, for the purpose of prosecution, without acquiring primary custody."); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989) ("A writ of habeas corpus *ad*

*prosequendum* enables a [jurisdiction] to take temporary custody of a prisoner confined within another jurisdiction."). Thus, the fact that the USMS maintained physical custody over Lannan for this period does not alter the legal reality that the State of Kentucky retained primary custody over her. And it is evident that the state credited her for that time. In an email to the BOP employee charged with computing Lannan's federal sentence, Dean Foster — a program administrator at the Kentucky Department of Corrections — explained Lannan had been awarded 677 days of credit against her state sentence for the period between June 13, 2019, and April 19, 2021. (Doc. 26-1, p. 32). Because it is evident that the State credited Lannan for the time she was in federal custody before her federal sentencing, the BOP could not have credited her for that time.

Lannan also seeks credit for the period *before* she was transferred to federal custody on the writ. That claim is meritless for a similar reason. The records furnished by Respondent make clear that the State credited her for that period as well. (*Id.*).

Lannan is also not entitled to credit based on the circumstances set out in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). The BOP implements those credits pursuant to Program Statement 5880.28. As the Seventh Circuit has explained, the so-called *Willis* credits apply as follows: "if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits), '[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the [first] sentence begins to run, federal or non-federal.'" *Grigsby v. Bledsoe*, 223 F. App'x 486, 488 (7th Cir. 2007) (quoting Program

Statement 5880.28(2)(c)). Additionally, the BOP will credit an inmate for time under *Kayfez* if "(1) the raw expiration full term date of the state sentence is later than the raw expiration full term date of the concurrent federal sentence; and (2) the raw expiration full term date of the state sentence, after applying qualified state presentence time, is earlier than the raw expiration full term date of the federal sentence." *Medford v. Emmerich*, No. 24-418, 2024 WL 4039794, at *3 (W.D. Wis. Sept. 4, 2024).

Here, the BOP determined that the raw expiration full term (EFT) date of the federal offense was May 24, 2028, and the corresponding state offense date was April 19, 2031, nearly three years beyond the federal date. (Doc. 26-1, pp. 34-35). Accordingly, *Willis* credits did not apply. *See Grigsby*, 223 F. App'x at 488. The BOP also determined that Lannan had 623 days of qualifying presentence credit. (Doc. 26-1, p. 34). Subtracting this time from the state EFT does not result in a sentence that expires earlier than the full federal term, so Lannan is not entitled to *Kayfez* credits either. Lannan does not explicitly contest any of the BOP's determinations with respect to these credits, and no error is obvious to the Court.

## Conclusion

Lannan has not identified any error in the BOP's calculation of her federal sentence. Accordingly, her Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

If Lannan wishes to appeal this Order, she must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). If Lannan

chooses to appeal, she will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Lannan files a motion for leave to appeal *in forma pauperis*, she must include in her motion a description of the issues she intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

It is not necessary for Lannan to obtain a certificate of appealability from this disposition of her § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: March 4, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**